**BORN v. CEASE et al.**

No. A–6763.

United States District Court, Alaska.
Third Division.   Anchorage.

**Dec. 26, 1951.**

474

Bailey E. Bell, Anchorage, Alaska, for plaintiff.

James E. Swan, and Peter J. Kalamarides, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

This action is brought by a member of a labor union against the union and against its trustee. By his first cause of action the plaintiff seeks reinstatement into the union and by his second cause of action damages for exclusion therefrom.

During the period involved in this action, the plaintiff, Ralph L. Born, was a member of Local Union No. 959, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The headquarters of the local union is at Anchorage, Alaska. It is a branch or an affiliate of the parent union, the International, which has its headquarters at Indianapolis, Indiana. The local union will be hereinafter referred to as the Local and the parent union as the International. The constitution of the International gives that body, acting through its General President, under certain circumstances, extremely broad powers over the affairs of every local union, including the authority to appoint a trustee for a local union and granting to that trustee well nigh dictatorial jurisdiction.

The Local having fallen into low estate, the defendant George Cease was appointed its trustee with all of the power and authority provided for in the constitution of the International subject only to control by the General President of the International.

While this condition existed, friction arose between the plaintiff, Born, then a member of the Local, and the defendant, Cease, the trustee of the Local, concerning certain of Cease's accounts. Why these accounts were ever submitted to the Local does not appear because the proof shows that Cease was not responsible to the Local in any respect but only to the General President.

The plaintiff, not having opportunity to secure a job through the Local as a truck driver, undertook other work under an affiliated local union of the American Federation of Labor. While Cease had previously aided the plaintiff similarly in obtaining work through another Local and of a different character of employment, on the occasion mentioned as soon as Cease heard of the plaintiff's employment outside of his own Local he issued to the plaintiff a withdrawal card. Cease' breathless haste in taking that action was never rightly accounted for and is not explainable upon any theory except that he thereby saw a way of getting rid of a possible critic in the Local.

Sometime later the plaintiff was by his then employer offered a job as a bus or truck driver and he thereupon took the job and immediately sought reinstatement in the Local. Cease refused such reinstatement and threatened the employer to call all of the teamsters off of the project unless the plaintiff should be immediately discharged. With equal celerity the employer discharged the plaintiff as a driver and plaintiff was obliged to undertake another type of labor. That Cease's action in this respect as regards demanding the discharge of the plaintiff, upon penalty of calling a strike, was in violation of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., was not only admitted but asserted during argument by counsel for the defendants.

The jury, under instruction of the Court, returned a special verdict finding that under the evidence, including the constitution of the International, the plaintiff had no right of appeal from the refusal of the trustee, Cease, to readmit the plaintiff to membership in the union. The jury also returned a verdict on the second cause of action finding the plaintiff entitled to recover $3,000 as compensatory damages and $5,000 additional as punitive damages.

Two motions are now before the Court for decision. One is a motion for judgment in favor of the defendants founded upon the alleged insufficiency of the evidence to justify any verdict or judgment in favor of the plaintiff and against the defendants; and the second is motion for new trial based upon a number of grounds which may be condensed by stating that the defendants assert the verdict is contrary to the law, is excessive, and that the Court erred in submitting to the jury the question whether the plaintiff had any right of appeal from the refusal of the trustee, Cease, to reinstate plaintiff in the union. After the motions mentioned above had been filed and submitted, the defendants for the first time raised the question of jurisdiction of the Court based upon the view that under the Labor Management Relations Act of 1947 the Court has no jurisdiction to try and determine an action of this nature and that exclusive jurisdiction is in the National Labor Relations Board.

In order to prevent a multiplicity of trials and appeals, all of the issues so presented, either during or at the close of the trial, and the question of jurisdiction raised thereafter, will be here decided.

█ During the trial it was urged by the defendants that it was the duty of the plaintiff to exhaust his remedies within the union before bringing suit. The Court adopted that view of the law over objection of plaintiff, and instructed the jury that it was the duty of the plaintiff to so avail himself of all remedies within the union itself before he could bring and maintain an action in court for reinstatement or for damages. No exception to the instructions so given as to insufficiency or otherwise was taken by defendants at the trial. Those instructions now seem adequate. The jury found for the plaintiff on this issue. I not only agree with that verdict, but if the issue had not been submitted to the jury, I would have given the same decision as an instruction to the jury.

█ While it is now urged upon the Court by the defendants that the plaintiff had a right of appeal either to the General President, or to bring a charge against

Cease in the Local and have a trial and appeal from an adverse decision, it is clear that the plaintiff had no adequate, efficient or useable method of appeal from Cease's decision, and that decision meant plaintiff's exclusion from the Local.

The constitution of the Local was not put in evidence. Counsel for plaintiff strongly opposed the suggestion that the plaintiff must exhaust his rights within the union before bringing action. Counsel for defendants offered an unauthenticated copy of the Local constitution at one time which was then refused only upon the ground that it should be properly identified. It was never re-offered although the matter was distinctly brought to the attention of the parties and of the jury. While the question may well be asked whether the defendants did not deliberately withhold the constitution of the Local because of its failure to embrace any provision whatever for appeal, the decision here given is not based upon any such speculation. After all, the proceedings governing appeals within labor unions, like the alternative remedy at law where equity jurisdiction is challenged, should be "plain, speedy and adequate". The plaintiff had no appeal within the union in the true sense of the word; and, therefore, unless there is a lack of jurisdiction otherwise, the plaintiff lawfully brought and maintained this action.

█ While the verdict of the jury as to punitive damages may seem out of line with the compensatory damages assessed against the plaintiff, there was substantial evidence of such actual malice as to justify the imposition of punitive damages in a correspondingly substantial amount. Since this question is one largely for the jury, I am not able to say that the punitive damages found against the defendants in the sum of $5,000 are so large as to justify interference of the Court, nor is there ground for moderating the recovery of $3,000 as compensatory damages, that amount being well within the sustaining testimony which the jury must have thought credible.

█ Having in view all of the evidence on the subject, it is here found that the plaintiff is entitled to reinstatement in the

union as prayed for in his first cause of action, and on his second cause of action in the amounts specified in the verdict of the jury, unless the Court is without jurisdiction to try and adjudicate the causes of action, if any, stated in the complaint.

There now remains the question of jurisdiction, whether in this Court or in the National Labor Relations Board, or in either at the option of the plaintiff. That problem may be resolved by the answers to three questions, all of which must be answered in the affirmative to conclude that this Court lacks jurisdiction:

1) Was the work in which plaintiff was engaged "commerce" within the meaning of the Act of 1947, and thus brought within the scope of that law?

2) Is the issue raised here by the pleadings an "unfair labor practice" under the terms of the Act?

3) Assuming that the correct answer to each of the above questions is "yes", then is exclusive jurisdiction of the issue in the National Labor Relations Board?

■ The answer to the first question must be "yes" because of the explicit words of the Act. Alaska is a Territory of the United States and Congress is its Master-Legislator. In Alaska, by the express terms of the Act, there is no requirement that the commerce be "interstate" in its nature, as indicated by Title 29 U.S.C.A. § 152 (6), quoted below: "The term 'commerce' means trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia or any Territory of the United States and any State or other Territory, or between any foreign country and any State, Territory, or the District of Columbia, or within the District of Columbia or any Territory, or between points in the same State but through any other State or any Territory or the District of Columbia or any foreign country."

■ The answer to the second question must likewise be "yes" by reason of the provisions of the Act of 1947 embraced in Title 29 U.S.C.A. § 158 (b), as follows:

"(b) It shall be an unfair labor practice for a labor organization or its agents—
\* \* \* \* \* \*

"(2) To cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a) (3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;"

The third problem is not so simple of solution. The difficulty arises out of the changes made in the National Labor Relations Act by the Labor Management Relations Act of 1947. 29 U.S.C.A. § 151 et seq. The two corresponding paragraphs are quoted below:

Title 29 U.S.C.A. § 160 (a) (National Labor Relations Act) "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158) affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise."

Title 29 U.S.C.A. § 160 (a) (Labor Management Relations Act) "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: Provided, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of

such cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith."

No suggestion has been made that the Act of 1947 explicitly states the jurisdiction of the Board to be exclusive. The question then is brought forward as to whether the phrase contained in the National Labor Relations Act, "This power shall be exclusive", was omitted to give the Courts concurrent jurisdiction of all causes of action having to do with labor relations or merely to give to the Courts the limited jurisdiction outlined in the Act of 1947. The conclusion here arrived at is that Courts have not by the Act of 1947 been given concurrent jurisdiction, but only that jurisdiction explicitly provided for in the latter act. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183, 185; International Longshoremen's and Warehousemen's Union v. Sunset Line & Twine Co., D.C., 1948, 77 F. Supp. 119; Schatte v. International Alliance, 9 Cir., 1950, 182 F.2d 158, certiorari denied, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608; Ryan v. Simons, 1950, 277 App.Div. 100, 100 N.Y.S.2d 18, affirmed by the New York Court of Appeals, 302 N.Y. 742, 98 N.E.2d 707. Juneau Spruce Corporation v. International Longshoremen's & Warehousemen's Union, D. C., 1949, 83 F.Supp. 224, 12 Alaska 260, affirmed 9 Cir., 189 F.2d 177, does not bear on question here presented.

By reason only of lack of jurisdiction in this Court, the action must be dismissed.