# Pension Mutual Life Insurance Company, Appellant, *v.* Whiteley et al. (No. 1).

*Deceit—Joint defendants—Allegation of liability as to one only —Statement of claim—Insufficiency—Demurrer.*

1. Where two parties are jointly charged with deceit there can be no recovery on a statement of claim which makes out a cause of action against one only.

2. In an action by an insurance company against a policeman's

beneficiary association and an individual jointly to recover damages for loss sustained in consequence of fraudulent statements made by the individual defendant to plaintiff whereby it was induced to issue insurance policies under which it had been compelled to pay losses, a demurrer to the statement of claim will be sustained where the statement averred that the individual defendant, who was an agent of the beneficiary association, had informed the plaintiff that he had obtained information from the officers of the beneficiary association upon the strength of which the policy was issued, which information plaintiff subsequently learned was false, but the statement did not aver that any officers of the association had made the misrepresentations complained of.

Argued March 19, 1918. Appeal, No. 227, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 1016, on demurrer to plaintiff's statement of claim, in case of Pension Mutual Life Insurance Company v. Seth H. Whiteley and The Police Beneficiary Association, Inc.   Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Trespass for deceit.

BREGY, P. J., filed the following opinion sur defendant's demurrer to the statement of claim:

The writ in this case is in assumpsit.   The statement of claim is in trespass.   The allegations of the statement are briefly these:

That the plaintiff insurance company issued a policy of insurance to The Police Beneficiary Association, one of the defendants, in pursuance of an application made therefor, which is attached to the statement of claim; and that Seth H. Whiteley was the agent of the plaintiff company in placing the policy.   The statement continues that the premiums were paid and that certain death losses were paid by the plaintiff company to the defendant, The Police Beneficiary Association; but that it is now discovered certain fraudulent statements were made to it, the plaintiff company, at the time the application for insurance was made.

The allegation as to this is in the following words:

"At or about the same time and before the receipt of the application said Whiteley was asked as to the loss ratio per thousand among members of said association, and replied that he would ascertain and supply it. Later and before the receipt of the application he told the president and general agent of the plaintiff company that for a year prior to the time of furnishing said information the total number of deaths occurring among the members of said beneficiary association was sixty-four or an average of about fifteen for each one thousand members of said association. The plaintiff has since learned that during said year the number of deaths had been more than one hundred, being in excess of twenty-five for each one thousand members of said association. Said Whiteley also told plaintiff that this information was supplied to him by the officers of said Police Beneficiary Association, Inc., and he knew that it was correct because he was the agent who had written for said association the policy which it had in force for some time with the Ætna Life Insurance Company of Hartford, Connecticut."

That is the only allegation of false statement alleged in the statement of claim, and it will be noticed that this statement was made by Whiteley alone. It is true that Whiteley told the plaintiff that he had received this information from the officers of The Police Beneficiary Association, but no one states that that is true. The plaintiff does not state in his statement of claim that any officer of The Police Beneficiary Association ever said such a thing. It contents itself in saying that Whiteley said so. This, in our judgment, is the fatal error which prevents the plaintiff from recovering on this statement against the defendant, The Police Beneficiary Association, and as they are jointly charged with this wrongdoing, there could be no recovery against either. There is an allegation that Whiteley and the secretary and treasurer of The Police Beneficiary Association conspired together to cheat and defraud the plaintiff; but

unless something was done in pursuance of that conspiracy, no right of action accrues.

For these reasons the demurrer was sustained. We discharged the rule to amend the summons because the statement would be bad even if the summons was amended. It will be noticed that there was no application made then or now to amend the statement of claim.

From the record it appeared that the statement of claim averred inter alia, "that by the terms of the application signed by the said Police Beneficiary Association its officials agreed to pay the premiums monthly. Within the past few days the plaintiff has learned that neither the Police Beneficiary Association nor its officers have ever paid any such premiums, but that by an arrangement said Horter and McCay (treasurer and secretary respectively of the said Police Beneficiary Association) had made with said Whiteley they did not intend to pay said premiums. By the terms and conditions of the policy there was to be paid $1,000 to the Police Beneficiary Association (and subsequently this amount was raised to $2,500) upon the death of any member of the said association to the beneficiary of the deceased member of said association, after proper proofs had been furnished. It was understood and stated by the Police Beneficiary Association through its officers and by said Whiteley that members of said association were individually paying their pro rata proportion of the entire premium, and it was supposed that in the event of death the family of the deceased members were to receive the benefits under said policy. Plaintiff now learns for the first time that the individual members did not pay the premiums nor did the association pay it or any part of it, although the said association made proofs of loss and a claim against the plaintiff company whenever a death occurred under the policy. The plaintiff within the last few days has learned that the payments made by the company for losses incurred under the policy of the Police Beneficiary Association were not paid by the

Police Beneficiary Association to the families and relatives or beneficiaries of said deceased members, but nearly the whole of said sum was immediately after its payment by the plaintiff to the Police Beneficiary Association paid by the said association to said Whiteley; that the information furnished to said Whiteley and to the plaintiff as to the deaths occurring or which had occurred, the application for the policy which they made to the company through said Whiteley, the agreement which they now say they made with said Whiteley that he or some one else was to pay the premiums and by which the said Beneficiary Association was permitted to retain and did retain in its treasury only $100 of the death benefit to be paid by the plaintiff was all made as part of a plan and conspiracy to defraud the plaintiff company.

"The result of said fraudulent transaction is that the said Police Beneficiary Association has illegally received $6,652.76 and the said Whiteley has made an illegal and fraudulent profit of $49,548.75; The Pension Mutual Life Insurance Company has paid death benefits by reason of the death of members of said Police Beneficiary Association in the sum of $127,667.98 and has received in premiums from said business $71,466.47, showing a loss to plaintiff under this contract of insurance of $56,-201.51."

The Police Beneficiary Association, defendant, filed an affidavit of defense, denying that there was an arrangement between McCay and Horter and Whiteley under which they did not intend to pay the said premiums, but admitting that Whiteley advanced the premiums in the name of and for the account of the association. It was further admitted by the affidavit that under the terms of the policy $2,500 was to be paid to the association on the death of a member, but defendant denied that the said sum was to be paid to the beneficiary of the deceased member of the association. The affidavit further denied that the association through its officers and by Whiteley had stated that the members of

the association were individually paying their pro rata proportion of the entire premium.   The affidavit denied any agreement existing with Whiteley except that he was to arrange for the advancement of premium payments for the account of the association, and that the advancements should be paid out of death claims paid by the plaintiff, and it expressly denied that there was any conspiracy or plan to cheat or defraud the plaintiff by Horter, McCay or Whiteley, or any of them.   The affidavit further denied that plaintiff has sustained a loss, but on the contrary that plaintiff had made a profit from the transactions totaling $15,264.97.   The affidavit also set up a counter-claim for $40,000, representing $2,500 due upon the death of each of sixteen members of the Police Beneficial Association, and which plaintiff had refused to pay, although proof of death had been made.

The defendant, Seth H. Whiteley, filed an affidavit of defense in the nature of a demurrer.

Defendant demurred to plaintiff's statement of claim. The court entered judgment for the defendant on the demurrer.   Plaintiff appealed.

*Error assigned* was the order of the court.

*Joseph W. Shannon,* for appellant.

*Owen J. Roberts,* with him *Joseph S. Conwell,* for Seth H. Whiteley, appellee.

*Frederick A. Sobernheimer,* for Police Beneficiary Association.

PER CURIAM, May 6, 1918:
This judgment is affirmed on the opinion of the learned president judge of the court below, in pursuance of which it was entered.