Dominick **GIANNINI**

v.

Alan R. **ROESSLER** et al.

Civ. A. No. 72–1231.

United States District Court,
E. D. Pennsylvania.

Sept. 28, 1972.

Steven A. Cotlar, Doylestown, Pa., for plaintiff.

Raymond T. Cullen, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

Defendants Melvin Zablotsky and Shop-Rite Durable Super Market, Inc., have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and to quash the return of service of summons. The basis of this motion is that the court lacks jurisdiction over the persons of the moving defendants and that the service of process on these defendants was insufficient.

Defendant Melvin Zablotsky is an individual residing in the State of Connecticut, and defendant Shop-Rite Durable Super Market, Inc. is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut and is not registered to do business in Pennsylvania.

Ordinarily, effective service of all process other than a subpoena is limited to the territory of the state in which the district court is held. However, Federal Rule of Civil Procedure 4(e) permits service upon a party not an inhabitant of or found within a state whenever a statute or rule of court of the state in which the district court is held provides for service of a summons, or of a notice, or of an order in lieu of a summons upon such party.

Here, plaintiff attempted service of process on the named defendants by serving the Secretary of the Commonwealth of Pennsylvania pursuant to the Act of 1970, July 1, P.L. ——, No. 152, Sec. 1, 12 P.S. § 341, which provides, in part:

" * * * [a]ny nonresident of this Commonwealth, who acting individually, under or through a fictitious business name, or through an agent, servant, or employe, *shall have committed a tortious act within this Commonwealth * * * shall be con- clusively presumed to have designated and constituted the Secretary of the Commonwealth of Pennsylvania as his agent for the service of process in any civil action or proceedings instituted in the courts of this Commonwealth of Pennsylvania against such individual."* (Emphasis added.)

For the following reasons, we find that plaintiff's complaint fails to allege that either or both of defendants Zablotsky and Shop-Rite Durable Super Market, Inc., or their agents, servants, or employes, committed a tortious act within the Commonwealth of Pennsylvania, in order to subject them to service of process under 12 P.S. § 341.

A. Plaintiff alleges in paragraph 12 of his complaint that on or about December 25, 1971, his tractor-trailer and beef were stolen from the plaintiff's place of business in Philadelphia. However, the complaint contains no allegation as to who committed this theft, and, in particular, the complaint fails to allege that either or both of the named defendants, or their agents, servants, or employes, were the persons who committed this theft.

B. In paragraphs 13 and 14, plaintiff alleges that on or about December 25, 1971, the defendants conspired to deprive the plaintiff of his meat and tractor-trailer and to convert them to their own use. Under Pennsylvania law, it has long been the rule that a mere conspiracy to do an act is not actionable when nothing is done in pursuance of the design. Pension Mut. Life Ins. Co. v. Whiteley, 261 Pa. 304, 104 A. 658 (1918). Although a conspiracy to do an unlawful act is indictable, even though nothing has been done in pursuance of it, it is nevertheless not tortious unless some act has been done to give effect to the purposes of the conspirators. 261 Pa. at 307, 104 A. 658. Hence, we lack jurisdiction unless an overt act in furtherance of the purposes of the conspiracy was committed within the Commonwealth of

**1324**

Pennsylvania. Commonwealth v. Corlies, 8 Phila. 450, 3 Brewst. 575, 26 L.I. 397 (Quar.Sess.1869).

Plaintiff has failed to allege that the defendants, or their agents, servants, or employes committed any overt act within the Commonwealth of Pennsylvania in furtherance of the purposes of the alleged conspiracies. Paragraph 12 of the complaint does not allege that the defendants or their agents, servants, or employes stole the tractor-trailer and beef. It does not allege that this theft constituted an overt act in furtherance of any conspiracy. It does not allege that a co-conspirator of defendants committed the theft.

C. Paragraph 15 of the complaint alleges that on or about December 25, 1971 the defendants received into their possession the aforesaid beef and tractor-trailer. However, there is no allegation that this receipt was an act in furtherance of any conspiracy, nor is there an allegation that this receipt took place within the Commonwealth of Pennsylvania. Moreover, we note defendant Zablotsky's uncontroverted affidavit claiming that he had not been in Pennsylvania at any time during the years 1971 and 1972, that Shop-Rite Durable Super Market has no employes in Pennsylvania, and that none of the other defendants in this action has ever been an agent, servant, or employe of the affiant or of Shop-Rite Durable Super Market, Inc.

Since the complaint fails to allege that either or both of the moving defendants, or their agents, servants, or employes, committed a tortious action within the Commonwealth of Pennsylvania, service of process upon defendants Zablotsky and Shop-Rite Durable Super Market, Inc. was not within the provisions of 12 P.S. § 341. Therefore, this court lacks jurisdiction over the person of the defendants Zablotsky and Shop-Rite Durable Super Market, Inc., and defendants' motion to dismiss will be granted. Richardson v. Ingram Corp., 374 F.2d 502, 503 (C.A. 3, 1967), cert. denied 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967).