VESPE CONTRACTING CO.

v.

ANVAN CORPORATION, a Pennsylvania Corporation and Anvan Corporation, an Illinois Corporation and Anarca, a Pennsylvania limited partnership and Anvan Co., an Illinois partnership and Anthony Antoniou, Irene Antoniou and Michael Kahles, Individually and as co-partners trading as Anvan Co., an Illinois partnership.

Civ. A. No. 75–3261.

United States District Court,
E. D. Pennsylvania.

May 23, 1977.

Louis G. Hill and Allen C. Kessler, Philadelphia, Pa., for plaintiff.

Ira P. Tiger, Charles V. Stoelker, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before this Court are motions by defendants Anvan Corporation of Pennsylvania ("Anvan-Pa."), Anvan Corporation of Illinois ("Anvan-Ill."), and Anarca, a Pennsylvania limited partnership ("Anarca"), to stay proceedings pending arbitration of a contract dispute between plaintiff Vespe Contracting Company ("Vespe") and Anvan-Pa. Also before the Court is a mo-

tion by defendants Anvan Company ("Anvan Co."), an Illinois partnership consisting of copartners Anthony Antoniou, Irene Antoniou and Michael Kahles ("individual defendants"), to dismiss for lack of personal jurisdiction and for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(2) and (5), respectively, or, in the alternative, to stay proceedings pending arbitration of the dispute between Vespe and Anvan-Pa. The jurisdiction of this Court is based upon 28 U.S.C. § 1332(a), and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs.

A brief procedural history of the dispute between the parties and an outline of the relationships among the defendants are necessary to an understanding of the case. The following facts emerge from the pleadings submitted by the parties: Anvan-Ill. is a corporation organized and existing under the laws of the State of Illinois, and has its principal place of business in the State of Illinois; Anvan-Pa. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and has its principal place of business in the State of Illinois; Anvan Co. is an Illinois general partnership and maintains its principal place of business in the State of Illinois; and Anarca is a Pennsylvania limited partnership, and maintains its principal place of business in the Commonwealth of Pennsylvania. Anvan-Pa. is the wholly-owned subsidiary of Anvan-Ill. Anvan Co. and Anarca are general partners. Anthony Antoniou, Irene Antoniou and Michael Kahles are citizens of the State of Illinois and are the general partners of Anvan Co. In addition, Anthony Antoniou is President and a major shareholder of Anvan-Pa. and of Anvan-Ill., and serves individually as a class B limited partner of Anarca. Michael Kahles, in addition to being a general partner in Anvan Co., is Senior Vice-President of Anvan-Ill. and of Anvan-Pa. Vespe is a corporation organized and existing under the laws of the State of New Jersey, and has its principal place of business in New Jersey.

Vespe was hired as a subcontractor to perform the concrete work on the construction of the Holiday Inn at 36th and Chestnut Streets, Philadelphia, Pennsylvania ("the project"), by Anvan-Pa., the general contractor on the project. The subcontract was signed in New Jersey. Anarca is the owner of the land on which the Holiday Inn was erected.

The subcontract between Anvan-Pa. and Vespe was terminated by Anvan-Pa. on February 20, 1975, after Vespe had completed a major portion of the contract. On February 24, 1975, Anvan-Pa. instituted suit against Vespe alleging breach of contract and requesting a temporary restraining order to enjoin Vespe from entering the construction site (Civil Action No. 75–541). The temporary restraining order was granted by this Court on February 24, 1975. On February 28, 1975, Anvan-Pa., after informing Vespe that it would no longer be allowed on the construction site and that Anvan-Pa. would complete the concrete work that Vespe had begun on the project, withdrew the complaint against Vespe. That same day, Vespe filed its original complaint against Anvan-Pa., alleging breach of contract and requesting injunctive relief to prevent Anvan-Pa.'s continuation of the project's concrete work from destroying evidence of the work performed by Vespe under the subcontract, and also requesting appropriate equitable relief (Civil Action No. 75–610).

Anvan responded by filing a motion to stay proceedings pending arbitration of the contract dispute. In its response to Anvan's motion, Vespe conceded that, if there were an agreement to arbitrate, the parties would be bound to submit their disputes to arbitration. However, Vespe argued that there was no binding arbitration agreement. In *Vespe Contracting Co. v. Anvan Corp.*, 399 F.Supp. 516 (E.D.Pa.1975), this Court held that Anvan-Pa. and Vespe were contractually bound to submit their dispute to arbitration. Due to the fact that evidence of the alleged breach of contract was "disappearing," we permitted discovery to continue until arbitrators were selected. *Id.* at 522.

Before arbitrators were selected, Vespe voluntarily withdrew the action against Anvan-Pa., without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(i). Vespe filed the instant action on November 13, 1975.

In the present action, in addition to naming Anvan-Pa., Vespe also named Anvan-Ill., Anarca, Anvan Co. and the individuals as defendants. The complaint alleges three causes of action, in addition to the cause of action alleged in Civil Action No. 75–610, against the various defendants. Count I of the complaint alleges breach of contract by Anvan-Pa. and states facts identical to those in its first breach of contract action. The relief requested, however, is for monetary damages rather than for injunctive relief. Count II alleges that all of the defendants combined, conspired, arranged and agreed to erect the project in such a manner as to avoid payment to, and to defraud, subcontractors, including Vespe. Count II also outlines specific overt acts which were committed in Pennsylvania, in furtherance of the conspiracy.[1] Finally, Count II states that the express purpose, motive and intention of the conspiracy was to defraud subcontractors of payments for work performed on the project, and that each defendant had that intention and understood that each coconspirator shared that intention.

Count III charges that Anvan-Ill. operated Anvan-Pa. as its instrumentality and alter ego for the express purpose of avoiding payment to, and defrauding, subcontractors and that Anvan-Pa. is in fact without sufficient funds to pay subcontractors. Count IV names as defendants Anarca, An-

van Co., and the individual defendants and alleges that Anarca contractually agreed to provide Anvan-Pa. with sufficient funds to pay the subcontractors on the project. Based on its allegations of the contract between Anarca and Anvan-Pa., and of the fact that Anarca did not provide Anvan-Pa. with sufficient funds to pay subcontractors, Vespe seeks damages from the defendants named in Count IV on a third-party beneficiary theory.

■ The first issue we must decide is whether the addition of parties and causes of action abrogates the basis for this Court's decision in *Vespe Contracting Co. v. Anvan Corp., supra.* We hold that it does not. The allegations of law and fact in Count I are *identical* to those alleged in Vespe's original complaint. The sole difference is the form of relief requested. However, the mere fact that monetary rather than equitable relief is requested does not alter the conclusion that Anvan-Pa. and Vespe are contractually bound to submit their dispute to arbitration. This Court is bound to enforce the contractual obligations of the parties. *John Ashe Associates, Inc. v. Envirogenics Co.*, 425 F.Supp. 238, 241–242 (E.D.Pa.1977). Accordingly, Vespe and Anvan-Pa. will be ordered to proceed to arbitration on Count I, in accordance with this Court's opinion in *Vespe Contracting Co. v. Anvan Corp., supra.*

■ The second issue presented is whether the proceedings pertaining to Counts II through IV should be stayed pending arbitration of Count I by Vespe and Anvan-Pa.[2] We hold that they should

---

1. The complaint alleges that the following overt acts, *inter alia,* were committed by the defendants in furtherance of the conspiracy:

  (a) the purchase of the land upon which the Holiday Inn was to be built and the transfer of title to the land to a limited partnership (Anarca);

  (b) the formation of a Pennsylvania corporation for the sole purpose of serving as general contractor on the project (Anvan-Pa.);

  (c) the stripping by the parent (Anvan-Ill.) of the assets of the general contractor (Anvan-Pa.) to avoid payment of the claims of subcontractors by the general contractor; and

(d) the signing of a construction contract between the owner of the land (Anarca) and the general contractor (Anvan-Pa.), whereby Anvan-Pa. agreed to waive the right to file mechanic's liens on its behalf or on behalf of its subcontractors.

2. Although not raised by the parties, the Court notes that the motion to stay proceedings pending arbitration raises the sub-issue of whether Counts II through IV should also be submitted to arbitration. It is well settled that arbitration is a matter of contract, and that a person cannot be compelled to submit to arbitration of a dispute which he has not agreed to so submit. *Hussey Metal Div. v. Lectromelt Furnace Div.,*

not be stayed. The controversy between Vespe and Anvan-Pa. has been pending since February of 1975. The interests of justice will best be served by a prompt resolution of the issues. Furthermore, although arising out of facts concerning the building of the project, the cause of action alleged in Count I is factually and legally separate and distinct from those causes of action alleged in Counts II through IV. The parties will not be prejudiced by the simultaneous disposition of the arbitration and judicial proceedings. Accordingly, the motion to stay proceedings in Counts II through IV pending arbitration of Count I will be denied.

471 F.2d 556, 557–558 (3d Cir. 1972); *Vespe Contracting Co. v. Anvan Corp., supra,* 399 F.Supp. at 520. With the exception of Anvan-Pa., none of the defendants has a direct contractual relationship with Vespe. The allegations that the other defendants conspired with Anvan-Pa. to manage the project through a business network that would be organized in a manner intended to avoid payment to, and to defraud, Vespe and other subcontractors, or that Vespe is the third-party beneficiary of contracts between the defendants, does not establish a contractual relationship between Vespe and the other defendants for purposes of arbitration. Accordingly, the defendants, other than Anvan-Pa., cannot be compelled to proceed to arbitration.

3. The Pennsylvania Long Arm Act of 1972, 42 Pa.C.S.A. § 8301 *et seq.* (Supp.1976–1977) was repealed by Act of July 9, 1976, P.L. ——, No. 142, § 1 (Pa.Leg.Serv. Pamphlet No. 4, 1976). The new Act becomes effective upon separate enactment of Section 29(4) of the Act. Because the 1976 Act is not yet effective, the 1972 Act governs this action.

4. Rule 4(e) of the Federal Rules of Civil Procedure states:

(e) *Same: Service Upon Party Not Inhabitant of or Found Within State.* Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a

Finally, we must determine whether the motions of Anvan Co. and of the individual defendants to dismiss for lack of personal jurisdiction and for insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(2) and (5), respectively, should be granted.

■ Defendants were served in accordance with Pennsylvania's Long Arm Statute, 42 Pa.C.S.A. § 8301 *et seq.* (Supp.1976–1977) ("Long Arm Act"),[3] as authorized by Fed.R.Civ.P. 4(e).[4] Defendants make no arguments in support of their motion to dismiss for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5). The procedure pursuant to which the defendants were served [5] conforms to the requirements of this Commonwealth for service of process upon nonresident defendants.[6] The mo-

notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

5. Anvan Co. and the individual defendants were each sent a copy of the summons and complaint by registered mail (1) to the Secretary of the Commonwealth of Pennsylvania and (2) to the offices of Anvan Company. (*See* Defendants' Memorandum of Law in Support of Motion to Dismiss at 6.)

6. 42 Pa.C.S.A. §§ 8307–8308 (Supp.1976–1977) state, in pertinent part:

§ 8307. *Procedure for service of process*
Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address. The Department of State shall keep a record of the day and hour of the service of such process on it.
§ 8308. *Federal actions*
Where process is issued against any corporation or individual by any court of the United States empowered to issue such process under the laws of the United States, the De-

tion to dismiss for insufficient service of process will, therefore, be denied.[7]

Defendants' motion to dismiss for lack of *in personam* jurisdiction, Fed.R.Civ.P. 12(b)(2), raises three issues: (1) whether the Long Arm Act applies only to corporations (§§ 8301, 8302) and to individuals (§§ 8303–8305) and not to partnerships; (2) whether the alleged lack of an allegation in the complaint that the tortious act charged occurred in Pennsylvania brings the defendants within the provisions of § 8303; and, (3) whether the assertion of long-arm jurisdiction over the defendants would constitute a denial of due process of law.[8] Vespe's response to defendants' motion to dismiss is that the conduct of the defendants, as alleged in the complaint, amounts to tortious conduct within the meaning of § 8303 and that assertion of long-arm jurisdiction over them would not violate due process of law.

■ The Court notes preliminarily that the Pennsylvania Long Arm Act divides potential nonresident defendants into two categories for the purpose of determining extraterritorial *in personam* jurisdiction. Sections 8301–8302 enunciate the standard for extraterritorial *in personam* jurisdiction over foreign corporations. Sections 8303–8305 set forth standards for asserting extraterritorial *in personam* jurisdiction over all nonresidents, including partnerships, who are not corporations. *General Heat and Power Co., Inc. v. Diversified Mortgage Investors*, 552 F.2d 556, 559–560 (3d Cir., 1977); *Sipe v. Local Union No. 191 United Brotherhood of Carpenters and Joiners of America*, 393 F.Supp. 865, 873–874 (M.D.Pa. 1975).

■ The Court notes further that it is well settled in this jurisdiction that, before personal jurisdiction over nonresident defendants is established, two separate and independent tests must be satisfied. First, the conduct of the defendants must be shown to be within the relevant statutory provisions of the Long Arm Act. Secondly, if the statutory requirements are satisfied, the plaintiff must establish that the application of those statutes to the particular defendant does not violate the constitutional requirements of due process of law. *Lau v. Change*, 415 F.Supp. 627, 629–630 (E.D. Pa.1976); *Miller v. American Telephone & Telegraph Co.*, 394 F.Supp. 58, 62 (E.D.Pa. 1975), *aff'd mem.*, 530 F.2d 964 (3d Cir. 1976); *AAMCO Automatic Transmissions, Inc. v. Tayloe*, 368 F.Supp. 1283, 1292 (E.D. Pa.1973). Therefore, if the conduct of Anvan Co. and the individual defendants conforms to the statutory requirements of § 8303 of the Long Arm Act and satisfies the requirements of due process of law, then this Court has valid *in personam* jurisdiction over them as nonresident, noncorporate defendants, pursuant to § 8303.

■ The next determination, then, is whether the conduct of each of the defendants satisfies the statutory requirements of § 8303. Section 8303, entitled "Commission of tortious acts by individuals," states in pertinent part:

Any nonresident of this Commonwealth who, acting individually, under or through a fictitious business name, or through an agent, servant or employee, shall have committed a tortious act within this Commonwealth on or after August 30, 1970, . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual.

8. While defendants set forth other issues respecting the assertion of long-arm jurisdiction over them pursuant to §§ 8304–8305, because we find probable jurisdiction over the defendants pursuant to § 8303, the Court will not discuss the merits of those issues. *See* note 12, *infra.*

partment of State is authorized to receive such process in the same manner and with the same effect as provided in this chapter for process issued by the courts of this Commonwealth.

The Secretary of the Commonwealth is the "head" of the Department of State. Administrative Code of 1929, § 206, 71 P.S. § 66.

7. *See Lau v. Change*, 415 F.Supp. 627, 629–630 at n. 3 (E.D.Pa.1976).

To establish that *in personam* jurisdiction lies under § 8303, Vespe must allege in its complaint, with sufficient specificity to convince the Court of the non-frivolous nature of its allegations, that an act, which would be tortious if proved as alleged, was committed by the nonresident defendants in Pennsylvania.[9]

Under the laws of Pennsylvania, a conspiracy is actionable in tort once an overt act in furtherance of that conspiracy has been committed. *Giannini v. Roessler,* 347 F.Supp. 1322, 1323 (E.D.Pa.1972); *Hel-mig v. Rockwell Manufacturing Co.,* 389 Pa. 2i, 131 A.2d 622, 629 (S.Ct.Pa.1957), *cert. denied,* 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957), *rehearing denied,* 355 U.S. 885, 78 S.Ct. 146, 2 L.Ed.2d 115 (1957). In its complaint, Vespe alleges numerous overt acts committed by defendants in Pennsylvania in furtherance of the conspiracy.[10] If the allegations of the complaint are proved at trial, a jury could conclude that an actionable tort was committed by the defendants in Pennsylvania, within the meaning of § 8303.[11] On the basis of the complaint

---

**9.** Obviously, at this juncture Vespe need not offer actual proof of tortious conduct as a prerequisite to the maintenance of *in personam* jurisdiction over the defendants pursuant to § 8303. Vespe's jurisdictional allegations are intertwined with the merits of its substantive conspiracy claim. If Vespe is able to prove its substantive allegations at trial, then arguably it has also simultaneously established *in personam* jurisdiction over the defendants. *See Mortenson v. First Federal Savings and Loan Ass'n.,* 549 F.2d 884, 890–896 (3d Cir., 1977). On the face of the complaint before us, we cannot say whether Vespe will in fact prevail on the merits. We do, however, find that the allegations of the complaint are sufficient to withstand a motion to dismiss for lack of *in personam* jurisdiction and that the proceedings under Counts II and IV should continue.

The Court notes further that, in a case of this nature, where the facts necessary to conclusively establish whether or not the acts of the defendants are sufficient to bring them within the long-arm jurisdiction of a federal district court are within the particular knowledge of the defendants, it is error to dismiss a complaint for lack of *in personam* jurisdiction before the plaintiff has been given an adequate opportunity to obtain information through discovery. *AAMCO Automatic Transmissions, Inc. v. Tayloe, supra,* 368 F.Supp. at 1300; *Alosio v. Iranian Shipping Lines, S.A.,* 307 F.Supp. 1117, 1119–1120 (S.D.N.Y.1970); *Cf. Mortenson v. First Federal Savings and Loan Ass'n, supra* at 20; *B. J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1097 at n. 5 (E.D.Pa.1977).

**10.** *See* note 1 *supra.*

**11.** The Court notes that the individual defendants *qua* partners are jointly and severally liable for all delictual liabilities chargeable to the partnership, and jointly liable for all other debts and obligations of the partnership. 59 Pa.C.S.A. § 327 (Supp.1976–1977). Tortious conduct committed in Pennsylvania by Anvan Co. or the partners in their partnership capacity would result in joint and several liability of the partners. Therefore, if Vespe's allegations of conspiracy are proved at trial, Anvan Co., through its partners, and the individual partners, in their partnership capacities, would be responsible for liabilities resulting therefrom. *In personam* jurisdiction over Anvan Co. and the individual defendants in their partnership capacities is, therefore, proper on the basis of the complaint before us. *See* Cavitch, *Business Organizations With Tax Planning,* Vol. 2, Ch. 24.02(1).

Furthermore, although the limited partner of a limited partnership is not liable for the obligations of the limited partnership, the general partner of a limited partnership would be jointly and severally liable for those obligations. 59 Pa.C.S.A. §§ 523, 526 (Supp.1976–1977). *See generally* Cavitch, *supra,* at Ch. 39.02, 39.07. *A fortiori,* the general partnership which is the general partner of a limited partnership would be jointly and severally liable for the delictual liabilities imposed upon the limited partnership. Therefore, *in personam* jurisdiction over Anvan Co., in its capacity as the general partner of Anarca, a limited partnership, and of the individual defendants, in their capacities as general partners of Anvan Co., which is the general partner of the limited partnership Anarca, is proper on the basis of the complaint before us.

Alternatively, defendants Anthony Antoniou and Michael Kahles, in their personal capacities, could also potentially be subject to the *in personam* jurisdiction of this Court pursuant to § 8303 for the alleged tortious conduct committed within Pennsylvania by Anvan-Pa. and Anvan-Ill. The general rule is that officers of a corporation are personally responsible for the alleged tortious conduct of the corporation if they personally took part in the commission of the tort or specifically directed other officers, agents or employees of the corporation to commit the act. *Zubik v. Zubik,* 384 F.2d 267, 275 (3d Cir. 1967), *cert. denied,* 380 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968).

In addition, Anthony Antoniou and Michael Kahles, in their personal capacities, are potentially subject to the *in personam* jurisdiction of

before us, and construing all allegations and reasonable inferences in a light most favorable to Vespe, the Court is satisfied that the assertion of extraterritorial *in personam* jurisdiction over each of the defendants in their individual, corporate and partnership capacities satisfies the statutory requirements of § 8303.[12]

We must, therefore, determine whether the assertion by this Court of § 8303 *in personam* jurisdiction would violate the requirements of due process of law.

As we stated in *Miller v. American Telephone & Telegraph Co., supra,* 394 F.Supp. at 64, and reiterated in *Lau v. Change,* 415 F.Supp. 627, 629–630 (E.D.Pa. 1976),

> The due process standard enunciated by the Supreme Court as to when *in personam* jurisdiction may properly be exercised over a nonresident defendant is whether there are "sufficient contacts or ties with the state of the forum to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which [the party] has incurred there." *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).

The sufficiency of the contacts between the nonresident defendants and the state of the forum must be evaluated by a qualitative rather than a quantitative analysis. *International Shoe Co. v. Washington, supra,* 326 U.S. at 319, 66 S.Ct. 154. *See generally Jonnet v. Dollar Savings Bank,* 530 F.2d 1123 (3d Cir. 1976) (Gibbons, J. concurring). Furthermore, in addition to an analysis of the quality of the defendants' activities, it is important to measure the contact on some basis other than the nonresidents' chance contact with the forum. As the Supreme Court stated in *Hanson v. Deckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958), ". . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." This standard must be applied separately to Anvan Co. and the individuals in their partnership capacities and to the individuals in their personal capacities.

In its complaint, Vespe alleges that Anvan Co. and the individuals in their partnership capacities conspired with the other named defendants to construct the project through a business network which was designed with the intention of defrauding subcontractors on the project. The complaint enumerates various overt acts alleged to have been committed in Pennsylvania in furtherance of the conspiracy.[13] In essence, the complaint alleges that the de-

---

this Court pursuant to § 8303 under the "alter ego" theory for acts committed in their capacities as officers of Anvan-Pa. and of Anvan-Ill. if it were found that the entity behind which they operated was merely an alter ego or instrumentality designed to shield them from liability to subcontractors. *Id.* at 272–273. Generally stated, a corporation is a legal entity separate and distinct from its stockholders, directors and officers. *Zubik v. Zubik, supra,* 384 F.2d at 273. This Court must uphold that corporate entity unless "specific unusual circumstances call for an exception." *Id.; AAMCO Automatic Transmissions, Inc. v. Tayloe, supra,* 368 F.Supp. at 1299. Where the corporate veil has been used as a shield against liability resulting from fraud, the corporate veil would be pierced and the individuals would be held personally responsible. *Id.*

Finally, Anthony Antoniou, Irene Antoniou and Michael Kahles are all potentially subject to the *in personam* jurisdiction of this Court *qua* individuals. Assuming the allegations of

the complaint to be true, and reading the complaint in the light most favorable to the plaintiff, *Melo-Sonics Corp. v. Cropp,* 342 F.2d 856, 858–859 (3d Cir. 1965), it is possible to infer that at least the initial portion of the conspiracy was committed by the defendants in their capacities as individuals and that a major portion of the overt acts committed by them in furtherance of the conspiracy were committed in Pennsylvania. The individuals *qua* individuals are, therefore, susceptible to liability for the alleged tortious conduct within the meaning of § 8303.

**12.** Since we have determined a possible basis for this Court's long-arm jurisdiction over each of the defendants, we find it unnecessary to decide whether *in personam* jurisdiction would also lie pursuant to § 8304 or § 8305.

**13.** *See* note 1 *supra.*

fendants conspired to establish an interlocking business network which was intended from the outset to defraud subcontractors by undercapitalizing the general contractor (Anvan-Pa.) and by using the business network to shield the defendants from liability to subcontractors.

■ Assuming the allegations of the complaint to be true for purposes of the motion before us, *Melo-Sonics Corp. v. Cropp*, 342 F.2d 856, 858–859 (3d Cir. 1965), we find that the contacts between Anvan Co. and its partners with this Commonwealth are sufficient to satisfy the requirements of due process of law. The alleged contacts are numerous, continuous and of a substantial quality. The contacts are alleged to be purposeful acts by which the defendants availed themselves of the benefits and protection of the laws of the forum. Furthermore, the Commonwealth has a strong interest in preventing nonresidents from committing tortious acts of this nature within its borders. The motion to dismiss for lack of *in personam* jurisdiction over Anvan Co. and the individual defendants in their partnership capacities will, therefore, be denied.

■ The application of the relevant due process standards to the individuals in their personal capacities is more difficult. The greater portion of the alleged conspiratorial activities was conducted by the defendants in their partnership and/or corporate capacities. However, reading the complaint in a light most favorable to Vespe, it is possible to infer that the individual defendants, in their personal capacities, masterminded the scheme to establish the business network by which they intended to defraud the subcontractors and, further,

that at least some of the overt acts in furtherance of the conspiracy were committed in Pennsylvania by the individuals acting as individuals.[14] Whether or not any acts were actually committed by the individuals *qua* individuals in Pennsylvania and, if so, whether those acts come within the statutory provisions of § 8303 or satisfy the due process of law requirements, is impossible to discern conclusively from the allegations of the complaint before us. We find, however, that Vespe made allegations which are sufficient to overcome defendants' motion to dismiss for lack of *in personam* jurisdiction.[15] Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) will, therefore, be denied.

14. Defendants have submitted affidavits which aver various facts in support of their argument that they have committed no acts as individuals within the Commonwealth which would bring them within the scope of this Court's long-arm jurisdiction. These affidavits, and all other documents submitted by the parties to augment their pleadings are not properly before the Court on a 12(b)(2) motion to dismiss. *Schwartz v. Commonwealth Land Title Insurance Co.*, 374 F.Supp. 564, 577–579, *supplemented* 384 F.Supp. 302 (E.D.Pa.1974).

15. If, after expiration of an adequate opportunity for Vespe to conduct discovery and to obtain evidence necessary to support its allegations of *in personam* jurisdiction, it appears that the Court does not in fact have long-arm jurisdiction over each of the defendants, the issue may be raised again by a motion for summary judgment or at the trial on the merits. *See* note 9 *supra*.