Gerald J. GAGNER

v.

PARSONS & WHITTEMORE, INC., Black Clawson Co., Black Clawson Fibreclaim, Inc. and Resources Recovery, Inc.

Civ. A. No. 78-231.

United States District Court, E. D. Pennsylvania.

May 12, 1978.

---

Donald L. Weinberg, Philadelphia, Pa., for plaintiff.

Henry H. Janssen, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of all defendants to dismiss for lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(2), (3), (4), (5) and (6), respectively. The jurisdiction of this Court is based upon diversity of citizenship, 28 U.S.C. § 1332, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs. Only defendants' motion to dismiss for lack of personal jurisdiction requires discussion. For the reasons stated below, defendants' motion to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), will be granted.

Plaintiff Gerald Gagner ("Gagner"), a Pennsylvania resident, is a former employee and vice president of defendants Black Clawson Fibreclaim, Inc. ("Fibreclaim"), and Resources Recovery, Inc. ("Resources"). Gagner was employed in Fibreclaim's New York office and commuted to his employment in New York from his home in Pennsylvania. Defendant Parsons & Whittemore, Inc. ("Parsons"), is a New York corporation and has its principal place of business in New York. Black Clawson Company ("Black Clawson"), a subsidiary of Parsons, is an Ohio corporation and has its principal place of business in New York. Fibreclaim, a subsidiary of Black Clawson,

is a Delaware corporation and has its principal place of business in Ohio. Resources, a subsidiary of Parsons, is a Delaware corporation and has its principal place of business in Florida.

Gagner brought this action to secure a $50,000 bonus, allegedly due him from Fibreclaim pursuant to the terms of his employment contract with Fibreclaim. Gagner alleges that the contract provides for him to receive this commission if, as a result of his endeavors, he sold a solid waste disposal facility to a municipality within the Dade County, Florida, area.[1]

In support of their motion to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), defendants argue that this Court has no personal jurisdiction over them because none of them are corporations registered or doing business in Pennsylvania. In response, Gagner argues that this Court has personal jurisdiction over all of the defendants because of Fibreclaim's actions in negotiating part of the contract via telephone and in mailing the confirmation letter to Gagner's Pennsylvania residence.

■ Fed.R.Civ.P. 4(c) provides, in pertinent part, that service may be made upon a party under the circumstances, and in the manner prescribed, by a statute of the state in which the district court is located. The applicable statute in Pennsylvania is the Pennsylvania Long Arm Act ("Act"), 42 Pa.C.S.A. § 8301 et seq. (Supp. 1977–1978),[2] which provides that nonqualified foreign corporations[3] doing business[4] in Pennsylvania are subject to service of process in any action arising within the Commonwealth.

---

1. The contract states, in pertinent part:
   4. Your salary will be $28,000 per annum. A market area will be designated as your primary responsibility. If as a result of your endeavors our organization concludes an agreement with your designated city or town target area you will receive a one time compensation of $50,000.

2. The Pennsylvania Long Arm Act of 1972, 42 Pa.C.S.A. § 8301 et seq. (Supp. 1977–1978), was repealed by Act of July 9, 1976, P.L. 586, No. 142. The new act only becomes effective upon a separate repeal of Section 29(4) of the Act. Because the 1976 Act is not yet effective, the 1972 Act governs this action.

3. 42 Pa.C.S.A. § 8302 provides, in pertinent part:
   Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. Service of process shall be made in the manner provided by section 8307 of this title (relating to procedure for service of process).
   42 Pa.C.S.A. § 8307 provides, in pertinent part:
   Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address. The Department of State shall keep a record of the day and hour of the service of such process on it. . . .

4. 42 Pa.C.S.A. § 8309 states, in pertinent part:
   (a) Any of the following shall constitute "doing business" for the purposes of this chapter:
   (1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
   (2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.
   (3) The shipping of merchandise directly or indirectly into or through this Commonwealth.
   (4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.
   (5) The ownership, use or possession of any real property situate within this Commonwealth.
   (b) In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States.

**1096**

42 Pa.C.S.A. §§ 8302, 8307, 8309. In order to establish personal jurisdiction over nonresident defendants under the Act, two separate and independent tests must be satisfied. *Vespe Contracting Co. v. Anvan Corp.*, 433 F.Supp. 1226, 1232 (E.D.Pa.1977). First, the conduct of the defendants must be shown to be within the relevant statutory provisions of the Act. Second, assuming the statutory requirements are satisfied, the plaintiff must establish that the application of those statutes to the defendants does not violate the constitutional requirements of due process of law. *Id.* at 1232; *Miller v. American Telephone & Telegraph Co.*, 394 F.Supp. 58, 62 (E.D.Pa.1975), *aff'd mem.*, 530 F.2d 964 (3d Cir. 1976); *Shong Ching-Lau v. Change*, 415 F.Supp. 627, 629–630 (E.D.Pa.1976). However, because § 8309(b) of the Act[5] makes the statutory reach coextensive with the requirements of due process, we may evaluate the second test first and decide whether the assertion of jurisdiction over the defendants in this case would be constitutionally permissible. *Hart v. McCollum*, 376 A.2d 644, 647, Pa.Super. (1977).

■ Personal jurisdiction may properly be exercised over nonresident defendants, without violation of due process, where the defendants have sufficient contacts with the forum state such that maintenance of a suit against them does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Unilateral activity on the part of the plaintiff is not sufficient. The defendants must have purposefully availed themselves of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. The amount of contact necessary varies with the quality and nature of a defendant's activity. *Hanson v. Denckla*, 357 U.S. 235, 255, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In this case, defendants argue that none of them lease or own real property in Pennsylvania, none has a bank account, mailing address, telephone listing or business facility in Pennsylvania, and none has engaged in or solicited business in Pennsylvania. They argue, further, that the negotiation of Gagner's employment contract with Fibreclaim did not establish contacts with Pennsylvania sufficient to satisfy due process requirements because the contract was negotiated through telephone conversations in New York and a series of meetings in New York and was executed in the State of New York, and that the letter confirming the terms of the agreement was mailed from New York to Gagner's residence in Pennsylvania.

■ Construing all of the allegations in the complaint in a light most favorable to Gagner, we find that the contacts of the defendants with this Commonwealth are insufficient to satisfy the requirements of due process of law. The correspondence and telephone contacts during the contractual negotiations between the plaintiff's Pennsylvania residence and Fibreclaim's New York offices were not numerous, continuous or of a substantial quality. The major negotiation sessions and execution of the contract occurred in New York. The defendants have committed no purposeful acts to invoke the benefits and protections of the laws of the Commonwealth. We find, further, that the unilateral action of Gagner, who voluntarily chose to live in Pennsylvania while working for Fibreclaim and Resources in New York for his own convenience, will not serve to satisfy the requirements of due process of law in the assertion of long-arm jurisdiction over the defendants. An assertion of jurisdiction over the defendants in this situation would offend traditional notions of fair play and substantial justice. Therefore, defendants' motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction will be granted.

5.  *See* note 4, *supra*.