Gary L. **MORAN**

v.

**METROPOLITAN DISTRICT COUNCIL OF PHILADELPHIA AND VICINITY, United Brotherhood of Carpenters and Joiners of America, et al.**

Civ. A. No. 86–319.

United States District Court, E.D. Pennsylvania.

May 8, 1986.

Jeffrey Ivan Pasek, Vernon R. Byrd, Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, Pa., for Gary L. Moran.

Richard H. Markowitz, William T. Josem, Philadelphia, Pa., for United Broth. of Carpenters and Joiners of America, Patrick Campbell and Sigurd Lucassen.

William J. Einhorn, Philadelphia, Pa., for Metropolitan Dist. Council of Philadelphia and Vicinity of United Broth. of Carpenters and Joiners of America, Edward Coryell, Robert H. Gray, Jr., Joseph Durkin, David Preston, Gaetano Pigliacelli, David Wheeler and Harry Dooley.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

In this action, Gary L. Moran, former Secretary-Treasurer of the Metropolitan District Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America (MDC), has sued the MDC and the United Brotherhood of Carpenters and Joiners of America (UBC) along with a number of individuals associated with those labor organizations for violations of his rights under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411, the Civil Rights Act of 1871, 42 U.S.C. §§ 1985(2) & 1986, and Pennsylvania common law. The sole

issue before the court is whether personal jurisdiction may be asserted over two of the defendants, Patrick J. Campbell and Sigurd Lucassen. Campbell is the General President of the UBC. The complaint alleges that both of these parties maintain offices in Washington, D.C., but does not set forth the location of their personal residences.

In the complaint, plaintiff alleges that the individual defendants associated with MDC conspired to discipline him and remove him from his union office in retaliation for his cooperation with a labor department investigation into the MDC election of 1984 and his testimony in the resulting federal lawsuit, *Brock v. Metropolitan District Council of Carpenters*, Civil Action No. 84–5348 (Aug. 29, 1985), *appeal pending*. Plaintiff alleges that this conspiracy among the defendants, Coryell, Gray, Durkin, Preston, Pigliacelli, Wheeler and Dooley, was in violation of 42 U.S.C. § 1985(2), which makes it unlawful to "conspire to deter, by force, intimidation, or threat" any witness from testifying "freely, fully, and truthfully" in federal court or to injure a person in retaliation for such testimony. *See* 42 U.S.C. § 1985(2). Plaintiff does not allege that defendants Campbell and Lucassen were members of that conspiracy, but does allege that they violated 42 U.S.C. § 1986 because they had the power to prevent the conspirators from performing wrongful acts against him, but they failed to prevent those acts. Count IV, which alleges the violation of 42 U.S.C. § 1986, is the only count of the complaint that names Campbell and Lucassen as defendants.

The complaint was served upon Campbell and Lucassen at their Washington, D.C., business address by first class mail.[1] According to the complaint, the plaintiff met with Campbell and Lucassen in Philadel-

---

1. In their motion to dismiss, Campbell and Lucassen seek dismissal for lack of service of process and lack of jurisdiction over the person. In their brief, however, they admit that the service of process was valid if personal jurisdiction may be asserted under Pennsylvania's Long Arm statute: "Under the law of the Commonwealth of

Pennsylvania, service may be made on non-residents by delivery, as here, if the requirements of the Pennsylvania 'Long Arm' statute are met." Accordingly, this memorandum focuses on whether personal jurisdiction exists and not whether service of process was valid.

phia, Pennsylvania, on May 20, 1985. At that meeting, the plaintiff informed Campbell and Lucassen of the actions being taken against him within the MDC and requested that Campbell and Lucassen, presumedly under their authority in the UBC, intervene on his behalf and prevent what the plaintiff perceived as wrongful acts. Complaint ¶¶ 107–110. Plaintiff also filed a written grievance with Campbell. Complaint ¶ 111. Plaintiff now contends that Campbell and Lucassen, along with the MDC and the UBC, are liable under 42 U.S.C. § 1986 for failing to prevent wrongful acts that were in violation of 42 U.S.C. § 1985(2).

Campbell and Lucassen's motion to dismiss is accompanied by an affidavit of the General Counsel of the UBC stating that: "Neither Mr. Campbell nor Mr. Lucassen are residents or citizens of the Commonwealth of Pennsylvania, or own any real or personal property in Pennsylvania." The affidavit further states that:

> Neither Mr. Campbell nor Mr. Lucassen, in their individual capacities, transacted any business relevant hereto within the Commonwealth of Pennsylvania during the period of time material hereto. Any activities of Messrs. Campbell and Lucassen in the Commonwealth of Pennsylvania during this period of time were undertaken in their official capacities as president and First General Vice PAesident [sic], respectively, of the Brotherhood.

Campbell and Lucassen contend that this court does not have personal jurisdiction over them because they have not conducted any business in Pennsylvania in their individual capacities. The plaintiff contends that Campbell and Lucassen's failure to act, both in Pennsylvania and outside the Commonwealth, caused the plaintiff to suffer tortious harm in Pennsylvania; and that such conduct is sufficient to confer personal jurisdiction over those defendants. *See* 42 Pa.Cons.Stat.Ann. § 5322(a).

There is no real factual dispute regarding the issues relevant to personal jurisdiction, although the parties strongly disagree on what facts are actually relevant to the determination on personal jurisdiction. According to an uncontroverted affidavit, neither Campbell nor Lucassen is a resident or citizen of Pennsylvania, and neither owns any real or personal property in Pennsylvania. Moreover, the uncontroverted affidavit states that neither Campbell nor Lucassen has transacted any business in Pennsylvania in his individual capacity, at least "during the period of time material hereto." Any activity undertaken by either Campbell or Lucassen in Pennsylvania was activity conducted on behalf of the UBC. Campbell and Lucassen met with the plaintiff in Pennsylvania to discuss the problems plaintiff was experiencing within the MDC. Campbell and Lucassen met with plaintiff in Pennsylvania in their official capacities as President and First General Vice President, respectively, of the UBC. Taking the allegations of plaintiff's complaint as true, Campbell and Lucassen had the power, through their positions in the UBC, to prevent Coryell, Gray, Durkin, Preston, Pigliacelli, Wheeler and Dooley from taking action wrongful to the plaintiff in that it was in violation of plaintiff's rights protected by 42 U.S.C. § 1985(2). Plaintiff's claim against Campbell and Lucassen is based on their failure to take action to prevent a violation of 42 U.S.C. § 1985(2) by their co-defendants in this action. Plaintiff contends that this failure to take action transpired both when Campbell and Lucassen were in Pennsylvania—presumedly during and following their meeting with the plaintiff on May 20, 1985—and when Campbell and Lucassen were outside of Pennsylvania. Plaintiff also contends that Campbell and Lucassen's failure to prevent the acts allegedly in violation of 42 U.S.C. § 1985(2) caused tortious harm to him within the Commonwealth.

■ Federal Rule of Civil Procedure 4(e) allows a federal court to exercise personal jurisdiction to the same extent as allowed under the laws of the state in which the court sits. Pennsylvania has a Long Arm Statute, 42 Pa.Cons.Stat.Ann. §§ 5321–5329, which provides that personal jurisdic-

tion shall extend to all persons "to the fullest extent allowed under the Constitution of the United States." *Id.* § 5322(b). Accordingly, this court may exercise personal jurisdiction over Campbell and Lucassen if such an exercise of jurisdiction comports with the due process clause of the Constitution. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir.1984).

■■■ Due process requires that a person who is to be subject to personal jurisdiction in a certain state must "have certain minimum contacts with [that state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The so-called "minimum contacts" analysis has most recently been discussed by the Supreme Court in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In discussing the many factors relevant to determining whether the exercise of personal jurisdiction comports with due process, the Court stated that "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King,* 105 S.Ct. at 2183. The Court thereby stressed that the initial focus of a court deciding personal jurisdiction issues should be upon whether the defendant " 'purposefully avails itself of the privilege of conducting activities within the forum State.'" *Id.* (quoting *Hanson v. Denkla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 2184 (quoting *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160). Other factors to be considered include: the burden on the defendant; the forum state's interests; the plaintiff's interest in obtaining convenient and effective relief; the judicial system's

interest in efficient resolution of controversies; and "the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980)). The ultimate question that the due process clause demands must be answered in determining whether personal jurisdiction may be asserted over a party in a certain state is whether " 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Id.* at 2183 (quoting *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567).

■■■ Defendants contend essentially that they have no personal contacts with Pennsylvania because any activity they have undertaken in relation to Pennsylvania—including their meeting with the plaintiff in Pennsylvania to discuss the problems upon which this action is based—was not undertaken in their individual capacities, but rather in their capacities as officers of the UBC. There is some disagreement among the decisions in this district as to whether activity undertaken on behalf of a corporation may be considered in determining the reasonableness of haling a corporate officer into court in Pennsylvania in his or her individual capacity. *See generally Simkins Corp. v. Gourmet Resources International, Inc.,* 601 F.Supp. 1336, 1343–45 (E.D.Pa.1985) (discussing the various holdings). I assume, in the absence of any suggestion to the contrary, that an officer of a union is protected from personal jurisdiction based on activity on behalf of a union to the same extent as an officer of a corporation would be. *But see Underwood v. Maloney,* 14 F.R.D. 222 (E.D.Pa.1953) (president of international union personally supervising affairs of local was subject to personal jurisdiction in state where local union was located). The question remains, however, to what extent should activity undertaken on behalf of a corporation be considered in determining whether personal jurisdiction may be exercised over a corpo-

rate officer in his or her individual capacity.

I do not believe that a hard and fast rule mandating that such activity should not be considered is appropriate in the determination required under the due process clause. The court must determine whether the exercise of personal jurisdiction is reasonable under all of the underlying circumstances. In some situations it may be appropriate to consider activity that an individual undertakes on behalf of a corporation. Where the corporate officer personally engages in egregious activity that would subject him or her to individual liability, the corporate cloak should not necessarily provide a defense to personal jurisdiction when it provides no defense to liability. *See Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229, 1234 (E.D.Pa.1979). On the other hand, the fact that the activity was undertaken on behalf of a corporation should be considered in assessing the significance of the activity as it bears on whether the individual purposely established minimum contacts in the forum state. Otherwise corporate officers constantly would be "faced with a Hobson's choice" requiring them to "either disassociate themselves from the corporation or defend the propriety of their conduct in a distant forum." *PSC Professional Services Group, Inc. v. American Digital Systems, Inc.*, 555 F.Supp. 788, 793 (E.D.Pa. 1983). Disregarding activity undertaken on behalf of a corporation regardless of the circumstances would be inconsistent with the flexibility inherent in the jurisprudence of personal jurisdiction since the Supreme Court decided *International Shoe*.

Although I consider Campbell and Lucassen's activity on behalf of the union in this action, I do not find that Campbell or Lucassen has purposefully availed himself of the privilege of conducting activity within Pennsylvania. *Cf. PSC Professional Services Group*, 555 F.Supp. at 792 ("Assuming, without deciding, that the alleged tortious conduct does bear on their amenability to suit in this state, I conclude that the exercise of jurisdiction over [the defendants] in this case would violate due process."). I assume that § 1986 liability is analogous to tort liability, *see Wilson v. Garcia*, 471 U.S. 261, ——, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985); *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), and so Campbell and Lucassen's failure to prevent action that would violate § 1985(2) would be analogous to tortious activity outside the state causing harm within the state. *See generally* 42 Pa. Cons.Stat.Ann. § 5322(a)(4). Although the "tort out/harm in" long arm statute may comport with due process "when the place of the harm was clearly and specifically foreseeable," *Schwilm v. Holbrook*, 661 F.2d 12, 15 (3d Cir.1981), the requirements of the due process clause are not satisfied in the present case.

Campbell and Lucassen are charged with a failure to use the power legitimately vested in them through their positions as officers of the UBC. They are not accused of taking specific action they knew would cause tortious harm in Pennsylvania, but rather are accused of failing to take action to prevent tortious harm. Omissions can cause tortious harm just as affirmative actions can, but a failure to act presents a less convincing case of purposefully availing oneself of the privilege of conducting activity in the state than an affirmative act with specific foreseeable harm. Moreover, Campbell and Lucassen are accused of failing to take action in their capacities as union officers, not in their individual capacities. Although their failure to act could conceivably subject them to individual liability, *cf. Zubick v. Zubick*, 384 F.2d 267, 275–76 (3d Cir.1967), *cert. denied*, 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968), a decision by officers in a national or international union not to become embroiled in a battle among the officers of a local union can hardly be characterized as evidence that those officers purposefully availed themselves of the privilege of conducting activity within the state where the local union is located.

Campbell and Lucassen did meet with the plaintiff in Pennsylvania to discuss this matter, but that meeting is only tangential-

ly connected with plaintiff's cause of action against Campbell and Lucassen. Plaintiff alleges that they are liable for failing to prevent others from harming him, not for any particular action they took while they were in Pennsylvania.

In short, the limited activities of Campbell and Lucassen in Pennsylvania and the alleged failure to act to prevent tortious harm within Pennsylvania, all of which relate to Campbell and Lucassen's duties as officers of the UBC, do not provide a sufficient basis to find that Campbell and Lucassen purposefully availed themselves of the privilege of conducting activity in Pennsylvania. Other factors clearly militate strongly in favor of the exercise of personal jurisdiction: the burden on the defendants is slight because travel is easy from Washington, D.C., and they are represented by the same local counsel representing the UBC which is a co-defendant; the Commonwealth of Pennsylvania clearly has an interest in this litigation stronger than that of any other forum because all of the activities took place here and all of the consequences of those activities bear upon the lives of citizens of Pennsylvania—the plaintiff and other members of the locals governed by the MDC; and most important, the remainder of this action will be litigated before this court and requiring plaintiff to proceed against these defendants in another forum will impair both the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in efficient resolution of controversies. Nevertheless, given the lack of contacts of Campbell and Lucassen with the Commonwealth, the exercise of jurisdiction over Campbell and Lucassen would not comport with fair play and substantial justice and they should not have reasonably anticipated being haled into court here. Although the Pennsylvania Long Arm Statute may provide a basis for jurisdiction over Campbell and Lucassen on the basis of an act or omission causing harm within Pennsylvania, the exercise of jurisdiction over those parties would not comport with due process. Campbell and Lucassen's motion to dismiss will be granted.