The BEISTLE COMPANY, Plaintiff,

v.

PARTY U.S.A., INC., Christopher Downey, Kord Party Favour Mfy. Ltd., Defendants.

Civil Action No. 1:CV–95–1473.

United States District Court, M.D. Pennsylvania.

Jan. 31, 1996.

James J. Kutz, Lewis F. Gould, Jr., Eckert, Seamans, Cherin & Mellott, Harrisburg, PA, for plaintiff.

Charles W. Rubendall, II, Keefer, Wood, Allen and Rahal, Harrisburg, PA, Donald M. Lewis, III, Keffer, Wood, Allen & Rahal, Harrisburg, PA, John R. Downey, Rome, McGuigan, Sabanosh & Klebanoff, P.C., Bridgeport, CT, for Party U.S.A., Inc., Christopher Downey, Kord Party Favour Mfy. Ltd.

## MEMORANDUM

CALDWELL, District Judge.

This action arises from an alleged copyright and trademark infringement by the Defendants upon the Plaintiff's protected materials. We are considering Defendant Christopher Downey's motion to dismiss for lack of personal jurisdiction.

### I. Background

Plaintiff, The Beistle Company ("Beistle"), is engaged in the business of creating and selling items that have party, holiday, and seasonal motifs. These are then reproduced on or incorporated in decorations and other novelty items. Beistle has applied for and received a certificate of registration from the Register of Copyrights for a subset of its protected material.

Beistle commenced this action on August 29, 1995 against Party U.S.A., Inc. ("Party U.S.A."), Christopher Downey, the president of Party U.S.A., and Kord Party Favor Mfy. Ltd. ("Kord"). The complaint alleges that the Defendants unlawfully copied Beistle's

protected material, and sets forth claims for copyright infringement (Count I); trademark infringement and passing off (Count II); trade dress infringement (Count III); false advertising (Count IV); unfair competition (Count V); and dilution (count VI).

On October 16, 1995, Downey filed the instant motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(2). He contends that this court lacks personal jurisdiction over him because the only contacts he had with Pennsylvania were in his capacity as an officer/employee of Party U.S.A. Beistle does not dispute that Downey's contacts with Pennsylvania were in his official capacity, but maintains that we may consider those contacts in determining whether *in personam* jurisdiction exists. We afforded the parties an opportunity to conduct discovery on this issue and the motion is now ripe for disposition.

## II. *Law and Discussion*

The defendant bears the initial burden of raising a lack of personal jurisdiction. Fed.R.Civ.P. 12(h). However, once the issue is raised, the burden shifts to the plaintiff, as the party alleging its existence, to establish that the exercise of personal jurisdiction is proper. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir.), *cert. denied,* 506 U.S. 817, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992). Unlike a motion under Rule 12(b)(6), on a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff must "establish[ ] jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d Cir.1984). We need not accept the allegations set forth in the complaint as true; rather, a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings. . . ." *Id.*

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the law of the state in which the court sits. *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992) (citation omitted). Pennsylvania's long-arm statute provides that Pennsylvania courts may exercise jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). "Thus, in Pennsylvania the statutory assessment of jurisdiction collapses into the constitutional one", *Clark v. Matsushita Elec. Indus. Co., Ltd.,* 811 F.Supp. 1061, 1065 (M.D.Pa.1993) (Rambo, C.J.), and the exercise of personal jurisdiction is proper as long as it does not violate due process. *See Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877).

The Supreme Court has recognized two forms of personal jurisdiction for non-resident defendants: general jurisdiction and specific jurisdiction. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 410–11 (1984). In the case at bar, Plaintiff maintains that this court has specific jurisdiction over Downey. Specific jurisdiction over a non-resident defendant exists "when the plaintiff's 'claim is related to or arises out of the defendant's contacts with the forum.'" *Mellon Bank,* 960 F.2d at 1221.

The Due Process Clause requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (citations omitted). The offspring of *International Shoe* have further established that, to comport with due process, the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there", *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980), and "that there be some act by which the defendant purposely avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958).

In addition, if the defendant has sufficient minimum contacts with the forum state the court may, in its discretion, inquire "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543 (1985) (quoting *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160, 90 L.Ed. at 104). The Supreme Court has identified numerous "fairness factors" that are relevant to this determination, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* 471 U.S. at 477, 105 S.Ct. at 2184, 85 L.Ed.2d at 543 (quoting *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564, 62 L.Ed.2d at 498) (internal quotations omitted).

In the present case, it is undisputed that Downey had contacts with Pennsylvania, and that this action arose out of those contacts. However, Downey asserts that because his contacts with Pennsylvania were in his capacity as a corporate officer, they should not be considered in the due process analysis. Instead, Downey argues, only contacts made with Pennsylvania in his individual capacity should be considered.

In *Donner v. Tams–Witmark Music Library, Inc.,* 480 F.Supp. 1229 (E.D.Pa.1979), the court held that a corporate officer's contacts in his corporate capacity may be factored into the personal jurisdiction analysis when the officer is sued in his individual capacity. The court found that because a corporate officer may be held personally liable for the torts of the corporation where he was personally involved in the tort, "[i]t would be anomalous, and would defeat the purposes of the law creating substantive liability, to permit a corporate officer to shield himself from jurisdiction by means of the corporate entity, when he could not interpose the same shield as a defense against substantive liability." *Id.* at 1234; *see also Hough/ Loew Associates, Inc. v. CLX Realty Co.,* 760 F.Supp. 1141, 1143 (E.D.Pa.1991); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 421 n. 34 (E.D.Pa.1981); *Lighting Systems, Inc. v. International Merchandising Associates, Inc.,* 464 F.Supp. 601, 604 (W.D.Pa.1979); *Vespe Contracting Co. v. Anvan Corp.,* 433 F.Supp. 1226, 1234–35 (E.D.Pa.1977).

Another case has applied a bright-line rule that corporate contacts may not be considered when assessing personal jurisdiction. *Simkins Corp. v. Gourmet Resources Int'l,* 601 F.Supp. 1336 (E.D.Pa.1985). In *Simkins,* the court held that "a plaintiff seeking to establish personal jurisdiction over an individual corporate officer or director on the basis of tortious conduct committed in the exercise of his corporate duties must prove, by a preponderance of the evidence, that the non-resident officer or director independently has sufficient forum-related contacts." *Simkins,* 601 F.Supp. at 1345; *see also Simpson v. Lifespring, Inc.,* 572 F.Supp. 1251, 1253 (E.D.Pa.1983), *aff'd,* 770 F.2d 1075 (3d Cir.1985); *PSC Professional Services Group, Inc. v. American Digital Systems, Inc.,* 555 F.Supp. 788, 793 (E.D.Pa.1983). Downey argues in favor of this test.[1]

Still other courts have elected to analyze the facts of individual cases rather than to adopt a rigid rule. *See Moran v. Metropolitan District Council,* 640 F.Supp. 430 (E.D.Pa.1986); *Graco Children's Products, Inc. v. Draco Corporation, Inc.,* No. 93–6711, 1995 WL 299023, *3 (E.D.Pa. May 15, 1995); *Minigraph, Inc. v. Qualitech Computer Centers, Inc.,* No. 86–5869, 1987 WL 13345, *7 (E.D.Pa. July 1, 1987). In *Moran,* the court rejected the rule announced in *Simkins* and held that "[t]he court must determine whether the exercise of personal jurisdiction is reasonable under all of the underlying circumstances." *Moran,* 640 F.Supp. at 434.

---

1. The rule of *Simkins* is inapposite to the instant case. There, the court based its decision, in part, on the fact that the plaintiff failed to allege that the defendants "committed any tort in their *individual* capacity." *Simkins,* 601 F.Supp. at 1345 (emphasis in original). Here, however, Beistle has alleged that Downey committed tortious acts in his individual capacity.

■ We find a recent decision of the Commonwealth Court of Pennsylvania instructive. In *Maleski by Taylor v. DP Realty Trust*, —— Pa.Commw. ——, 653 A.2d 54 (1994), the court examined the issue and stated that:

> While the courts of this Commonwealth have not squarely addressed this situation, a line of federal district court decisions have held that a court may not exercise jurisdiction over individual officers and directors of a corporation based solely upon acts taken in their corporate capacities.... However, the federal courts have recognized an exception to this rule when a corporate officer has been personally involved in a corporation's tortious conduct, and on that basis, has rested jurisdiction....
>
> Those cases recognize that the purpose of the "corporate shield" doctrine is to protect corporate officers and directors from being haled into court and exposed to personal liability in each state that the corporation does business based solely upon their status as corporate officers and directors.... However, those cases also balance this purpose with the principle that, in Pennsylvania, corporate officers and directors are liable for the tortious acts the corporation commits under their direction or with their participation....
>
> Taking these principles into consideration, the federal courts have developed a case-by-case, flexible approach to determining the extent of long-arm jurisdiction. We believe that this approach is also appropriate to determine whether the Pennsylvania Long–Arm Statute reaches a corporation's officers and directors who directly participate in allegedly tortious action, albeit in their corporate capacities.

*Id.* at —— – ——, 653 A.2d at 62–63 (internal citations omitted). We have concluded that a rigid test is inappropriate, and adopt the case-by-case approach espoused in *Moran* and its progeny.

■ In determining whether consideration of the defendant's corporate contacts is proper, we look to factors such as his role in the corporate structure, the quality of his contacts with the forum State, and the extent and nature of his participation in the alleged tortious conduct. *Maleski*, —— Pa.Commw. at ——, 653 A.2d at 63; *Rittenhouse & Lee v. Dollars & Sense, Inc.*, No. 83–5996, 1987 WL 9665, *6 n. 6 (E.D.Pa. Apr. 15, 1987).[2] A comparison of the facts in this case to the factors set forth above reveals that consideration of Downey's corporate contacts is appropriate in determining whether we can exercise *in personam* jurisdiction over him. Downey's own testimony reveals he is the president of Party U.S.A., a member of its board of directors, one of its three employees (the other two holding secretarial positions), responsible for setting his and the other employees' salaries, and the only person with authority to incur expenses or write checks on behalf of Party U.S.A. In sum, Downey performs "basically everything that it takes to run a small business." [Downey Dep. at 7]. More importantly, Downey called and travelled to meet representatives in Pennsylvania for the purpose of promoting Party U.S.A.'s products, and, in fact, is presently attempting to sell Party U.S.A. products in Pennsylvania. Downey was the person ultimately responsible for distribution of the Party U.S.A.'s 1995 catalogue (which is the basis for Beistle's infringement claims) and is the means by which Party U.S.A.'s customers become aware of the allegedly infringing products.

The complaint alleges that Downey personally, and in his individual capacity, engaged in the unlawful copying of Beistle protected materials. Under these circumstances, Downey should not be able to use a corporate shield to protect himself from suit in this forum, and we will consider his business con-

---

**2.** This analysis comports with the Supreme Court's decision in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1983). *See United States v. Geri–Care, Inc.*, No. 89–5720, 1990 WL 39301, *3 (E.D.Pa. Mar. 30, 1990). In *Keeton,* the Court held that jurisdiction over a corporation does not automatically establish jurisdiction over its officers, but noted that it had previously rejected "the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity." *Keeton,* 465 U.S. at 781 n. 13, 104 S.Ct. at 1482 n. 13, 79 L.Ed.2d at 802 n. 13 (citation omitted).

tacts in connection with our analysis. *Cf. Graco,* 1995 WL 299023, at *3 (although defendant had general responsibility for "everything" in company, jurisdiction was not appropriate because there was no evidence of personal involvement in the activities that gave rise to the lawsuit or that he entered the forum state during the relevant time period).

■ Downey's contacts with Pennsylvania are more than sufficient to permit this court to exercise jurisdiction over him personally, consistent with due process. Because of his substantial contacts with Pennsylvania in connection with the sale and marketing of Party U.S.A.'s products, Downey has availed himself of the benefits of this state and should have anticipated being haled into court here. Requiring him to defend this action in Pennsylvania clearly comports with notions of justice and fair play.