Mary MUSSO

v.

Hap SEIDERS.

Mary Musso

v.

Chad Seiders.

No. 3:97CV2606 RNC, 3:98CV877 RNC.

United States District Court,
D. Connecticut.

Oct. 27, 1999.

See also 98 F.Supp.2d 197.

CHATIGNY, District Judge.

After review and absent objection, the recommended ruling is hereby approved and adopted.

### RECOMMENDED RULING ON MOTION TO DISMISS

MARTINEZ, United States Magistrate Judge.

The plaintiff filed this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a. Pending before this court is the defendant's [1] Motion to Dismiss (doc. # 61). The court recommends that the motion be DENIED for the reasons that follow.

### I. BACKGROUND

In her amended complaint against Hap Seiders (doc. # 17) the plaintiff alleges the following operational facts.

4. According to defendant's records, plaintiff is a resident of Wallingford, CT.

5. Plaintiff is a consumer with the FDCPA.

6. Defendant [Hap Seiders] is a debt collector within the FDCPA.

7. Defendant regularly attempts to collect debts, directly or indirectly, asserted to be due or owing to another by use of the mails.

8. Defendant is a stockholder and top executive of [Capital Recovery Associates, Inc. ("CRA")].

9. Defendant manages, owns or controls [CRA], knows about and has adopted, ratified or approved the collection tactics involved in this case.

10. CRA was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes within one year

**1.** This case has been consolidated with Mary Musso v. Chad Seiders, Case No. 3:98CV877 (RNC). The cases have been consolidated under the lead Case No. 3:97CV2606 (RNC). This motion relates only to defendant Hap Seiders.

prior to the date of this action when communicating with plaintiff in an effort to collect a disputed personal debt to Walgreen's.

11. The debts which defendant attempts to collect include obligations of individuals to pay money arising out of a transaction for personal, family or household purposes.

12. In or about August, 1997, Defendant attempted to collect a debt owed by plaintiff to Walgreen's for one or more dishonored checks.

13. Included in the amount defendant sought to collect was a $20 Returned Check Fee.

14. Defendant's demands showed the name CRA Security Systems.

15. Defendant's demands contained a facsimile signature in the name of Richard Lyons.

16. During the time in question, there was no actual Richard Lyons employed by CRA[.]

17. Richard Lyons is a desk name used by CRA's collections department.

18. Defendant knew of a suit in Connecticut for violating the FDCPA by adding a fee to a dishonored check issued by a Connecticut resident, *Adams v. CRA Security Systems*, Civil No. 3:95cv933 (PCD)(filed May 22, 1995).

19. Defendant continued in and after 1995 and to this date to demand a fee in addition to the face of the amount of dishonored checks from Connecticut residents.

20. Defendant was also a defendant in *Chamberlain v. Capital Recovery Associates, Inc.*, Civil No. 3:97cv673 (JBA), filed April 8, 1997, which alleged, in ¶ 6, "Defendants (sic) Seiders personally directed, controlled or participated in the events alleged herein with knowledge that Connecticut law does not allow the addition of a $20 fee to a $11.86 dishonored check."

21. CRA has been sued several times for adding an unlawful fee to a dishonored check.

22. Defendant violated § 1692d, -e, -f or -g of the FDCPA with collection efforts as to the plaintiff.

It appears [2] that the plaintiff's theories of recovery are that the defendant violated the FDCPA by seeking to collect excessive fees (15 U.S.C. § 1692f) and by making false and misleading misrepresentations (15 U.S.C. § 1692e).

The plaintiff also alleges that the defendant committed unfair or deceptive practices within the meaning of CUTPA because he violated the Consumer Collection Agency Act, Conn. Gen.Stat. § 36a–800 *et seq.* and the Creditors' Collection Practices Act, Conn. Gen.Stat. § 36a–645 *et seq.*

## II. DISCUSSION

The defendant raises two arguments in his motion. First, he contends that the plaintiff's complaint against him must be dismissed under Fed.R.Civ.P. 12(b)(6) because she fails to state a claim upon which relief can be granted against him in his individual capacity. Second, the defendant argues that the court does not have personal jurisdiction over him and the action therefore must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

### A. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

In deciding a motion to dismiss under Fed. R.Civ.P. 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Still v. DeBuono,* 101 F.3d 888 (2d Cir.1996). A court must not consider whether the claim

---

2. The plaintiff fails to include in her complaint any elaboration of her legal theories. Her com-

plaint contains only the brief operative facts set out above.

will ultimately be successful, but should merely "assess the legal feasibility of the complaint." *Cooper*, 140 F.3d at 440 (citation omitted). In deciding such a motion, consideration is limited to the facts stated in the complaint or in documents attached thereto as exhibits or incorporated therein by reference.[3] *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991).

With this standard of review in mind, the court turns to the merits of the defendant's argument.

The defendant claims that he cannot be held personally liable because the plaintiff has failed to allege facts which would allow her to pierce CRA's corporate veil. In making this argument, the defendant relies upon well-settled principles of corporate law which dictate that one cannot be held liable for the actions of the corporation simply by virtue of his status as an officer, director or shareholder. *See* Defendant's Memorandum in Support of Motion to Dismiss, doc. # 62, ¶¶ 2–10. Although this may be a correct statement of law, the defendant's reliance upon it is misplaced—the plaintiff does not dispute that Hap Seiders cannot be held vicariously liable simply by virtue of his status in the corporation, nor does she seek to pierce CRA's corporate veil. Rather, she argues that the defendant is liable because he is a debt collector and because he was personally involved with the collection of the debt at issue here.

■ Individual defendants, such as directors or officers of a collection agency, may be held personally liable under the FDCPA. To establish an individual defendant's personal liability, a plaintiff must first establish that the individual is a "debt collector." *See West v. Costen*, 558 F.Supp. 564 (W.D.Va.

1983). The FDCPA defines a debt collector as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

■ A high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector. *See Teng v. Metropolitan Retail Recovery, Inc.*, 851 F.Supp. 61, 67 (E.D.N.Y.1994)(manager and president of collection agency are debt collectors); *see also Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. 1320, 1336–37 (D.Utah 1997)(supervisor of firm's collection activities is a debt collector).

■ It is not enough, however, to merely allege that Hap Seiders is a debt collector; the plaintiff must also allege that the defendant was personally involved in the collection of the debt at issue. *See West v. Costen*, 558 F.Supp. at 584–85. In *West*, the plaintiff sought to hold the defendant, the president and majority shareholder of a collection agency, personally liable under the FDCPA. *See id.* The court held that although the plaintiff had alleged that the defendant was a debt collector within the statutory meaning, the defendant could not be held personally liable simply by virtue of his position in the company. Because the plaintiff did not allege that the defendant was personally involved in the collection of the debt giving rise to the lawsuit, he was not personally liable under the FDCPA.

> The court declines to consider any of those facts or representations made by counsel in their papers. *See* Fed.R.Civ.P. 12(b)("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....") Instead, the court restricts its review of this matter solely to those allegations raised in the plaintiff's amended complaint.

---

**3.** The parties each refer the court to information outside the pleadings. The defendant refers to a declaration, yet none is appended to his motion or memorandum. The docket reflects that he filed a declaration in conjunction with a previously filed motion to dismiss (doc. # 16). That motion, however, was denied and the defendant has since filed a new motion to dismiss accompanied by a memorandum. The plaintiff refers the court to information she apparently learned during discovery. She does not append to her opposition any affidavits, transcripts of deposition testimony or documentary proof.

In her amended complaint, the plaintiff alleges that Hap Seiders is a debt collector because he regularly attempts to collect debts, either directly or indirectly, in his capacity as a "top executive" at CRA. She claims that he was personally involved in the collection of the debt owed by the plaintiff in that he approved, adopted or ratified the collection activity at issue, presumably the imposition of the $20 fee. The plaintiff goes on to allege that because of other past litigation in which Hap Seiders was involved in Connecticut, the defendant knew that his actions were in violation of the FDCPA, yet he continued to engage in the unlawful activity. Assuming these facts to be true, the issue before the court is whether the plaintiff has alleged sufficient facts to show that Hap Seiders, by his own actions, violated the FDCPA.

Similar allegations have survived a 12(b)(6) motion. This case is strikingly similar to *Egli v. Bass*, 1998 WL 560270 (N.D.Ill.1998). In *Egli*, the plaintiff filed an action against defendants Bass & Associates, P.C., a collection agency, and Patti Bass, the owner and principal of Bass & Associates. The plaintiff alleged that Patti Bass was responsible for designing and implementing Bass & Associates' collection procedures, including the one that the plaintiff claimed to violate the FDCPA. Bass moved to dismiss the complaint against her, arguing that the plaintiff failed to allege facts sufficient to hold her personally liable under the FDCPA. The court, in holding that the alleged facts were sufficient to hold Bass personally liable under the FDCPA, explained that the plaintiff did not allege that Bass was liable simply because of her status as owner and principal. Rather, he had alleged that Patti Bass was personally responsible as a debt collector because she was the individual responsible for designing and implementing Bass & Associates' collection procedures. *See also Pope v. Vogel*, 1998 WL 111576 *5 (N.D.Ill. 1998)(sole officer of collection agency held personally liable where he directed, authorized, controlled and participated in the collection of debts); *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. at 1336–37(supervisor of firm's collection activities and author of unlawful collection letters personally liable under FDCPA).

The same reasoning applies to this case. The plaintiff does not seek to hold the defendant liable simply by virtue of his position with CRA; rather, she alleges that he is personally liable as a debt collector because he knew of the allegedly unlawful procedures being used but nevertheless approved or ratified them. The plaintiff has stated a claim under the FDCPA against the defendant in his individual capacity. Therefore, the defendant's motion must fail.

**B. Motion to Dismiss for Lack of In Personam Jurisdiction**

Next, the defendant argues that this court should dismiss the action against him because he does not have sufficient minimum contacts with Connecticut.

The parties seem to disagree about the legal standard by which the court is to decide the motion.[4] Based upon the papers submitted, it impossible to discern whether the parties disagree about the facts regarding jurisdiction. To some extent, even their legal arguments are unclear. What is clear is that neither party has satisfied the procedural requirements.

Although this court is vested with "considerable procedural leeway" in deciding this motion to dismiss, *Credit Lyonnais Securities, Inc. v. Alcantara*, 183 F.3d 151, 153

---

4. The defendant maintains that the plaintiff must establish jurisdiction through sworn affidavits or other forms of competent evidence. *See* Defendant's Memorandum of Law in Support of Motion to Dismiss, doc. # 62, p. 12, citing *Beistle Co. v. Party U.S.A., Inc.*, 914 F.Supp. 92, 94 (M.D.Pa.1996). In his papers, he makes several representations, such as that while he has driven through Connecticut, he has never solicited business here and that he does not own property here. He does not, however, provide evidentiary support for these representations. The plaintiff, on the other hand, contends that she need only make a prima facie showing of jurisdiction, regardless of any contradictory proof offered by the defendant. *See* Plaintiff's Opposition to Motion to Dismiss, doc. # 78, p. 2, citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir.1981). She seems to rest only upon the allegations in her complaint to meet her burden of establishing personal jurisdiction.

(2d Cir.1999), there are parameters by which the court must abide. In *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990), the Second Circuit clarified the procedure by which a plaintiff must respond to a jurisdictional challenge such as the one presented here. The Second Circuit first noted that "the nature of the plaintiff's obligation varies depending on the procedural posture of the litigation." *Id.* If the jurisdictional challenge is made before discovery has been conducted, the plaintiff can defeat the motion to dismiss simply by making a good faith allegation of jurisdiction. *See id.* At such an early stage of the litigation, the plaintiff's prima facie showing may be established solely by reference to the jurisdictional allegations in the complaint. After discovery, however, the plaintiff has an additional burden—the plaintiff's prima facie showing must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. The plaintiff's showing must be supported by facts; it cannot be met by simply referring to allegations. *See id.; see also Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir.1999). Further,

> [w]here the jurisdictional issue is in dispute, the plaintiff's averment of jurisdictional facts will normally be met in one of three ways: (1) by a Rule 12(b)(2) motion, which assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency, (2) by a Rule 56 motion, which asserts that there are undisputed facts demonstrating the absence of jurisdiction, or (3) by a request for an adjudication of disputed jurisdictional facts, either at a hearing on the issue of jurisdiction or in the course of trial on the merits. If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction. If the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought. If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence.

*Ball,* 902 F.2d at 197.

In this case, the defendant styled his motion as a motion to dismiss under Fed. R.Civ.P. 12(b)(2). A Rule 12(b)(2) motion assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency. Nevertheless, it appears that the defendant intends to do more than merely challenge the plaintiff's allegations as they stand in her complaint; the defendant seems to ask the court to look beyond the complaint. However, the court is unable to discern whether the defendant asserts that there are undisputed facts demonstrating the absence of jurisdiction (in which instance his motion should be one for summary judgment) or if he contests the factual basis of the plaintiff's allegations (thus rendering a hearing necessary).

The plaintiff, on the other hand, relies solely upon the allegations in her complaint. Because discovery has been closed since March 1, 1999, she may no longer rely on her complaint alone to defeat the defendant's jurisdictional challenge. *See Ball,* 902 F.2d at 197. To the extent that the plaintiff does refer to and rely upon facts outside the four corners of her complaint, she fails to provide the court with appropriate documentation in support thereof, such as affidavits, exhibits or excerpts from deposition testimony.

The court recommends that the defendant's motion to dismiss be DENIED without prejudice. If the defendant elects to refile his motion, he should clarify the grounds upon which he relies. If he requests a hearing on disputed facts, he shall say so in his moving papers. The plaintiff's opposition must do more than merely refer the court to her complaint or to unsupported representations. If the parties agree on the facts underlying the jurisdictional challenge, the motion should be styled as a motion for summary judgment and the parties must conform to the requirements for such a motion.

### III. CONCLUSION

The court recommends that the defendant's motion to dismiss pursuant to F.R. Civ. P. 12(b)(6) be DENIED and that the defendant's motion to dismiss pursuant to F.R. Civ. P. 12(b)(2) be DENIED without prejudice.

Any party may seek the district court's review of this recommendation. *See* 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated at Hartford, Connecticut, this 30th day of September, 1999.